UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ANTRIO HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:05-CV-13-RLY-WGH |
| | ) | |
| CAPT. KEMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY CONCERNING SELECTED MATTERS**

**I. Motion for Preliminary Injunction**

**A.**

Article III of the United States Constitution limits the jurisdiction of the federal courts to "actual, ongoing controversies." *Honig v. Doe,* 484 U.S. 305, 317 (1988). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time a complaint is filed." *Arizonans for Official English,* 117 S. Ct. 1055, 1068 (1997)(citation and internal quotation omitted). Thus, a federal court has no "power to render advisory opinions [or] . . . decide questions that cannot affect the rights of litigants in the case before them." *Honig,* 484 U.S. at 317; *see also Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990) (citations omitted). "Even where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Clarke v. United States,* 915 F.2d 699, 701 (D.C.Cir. 1990) (en banc) (quoting *Transwestern Pipeline Co. v. FERC,* 897 F.2d 570, 575 (D.C.Cir. 1990)).

Plaintiff Antrio Hammond has been transferred from the Putnamville Correctional Facility, where the defendants are employed, and is now confined at the Indiana State Prison. None of the defendants are alleged to have any policy or operational responsibility for the conditions of Hammond's confinement at the Indiana State Prison. Hammond's motion for preliminary injunction seeks reinstatement of his contact visiting privileges with certain family members at the Putnamville Correctional Facility. Because of his transfer to

the Indiana State Prison, however, such an order would no longer affect Hammond in any way. This claim, in other words, is moot. Hammond's statement that the visitation restriction imposed at Putnamville has followed him to the Indiana State Prison may support a claim against officials responsible for the present conditions of his confinement, but no claim in this case can be stretched to include relief as to such conditions.[1]

For the reasons explained above, therefore, Hammond's motion for preliminary injunction is **denied as moot.**

**B.**

Hammond's claim for injunctive relief in this action is moot for the same reasons which compel the denial of his motion for preliminary injunction. A court lacks jurisdiction to adjudicate a claim that is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). Hammond's claim for injunctive relief is therefore dismissed for lack of jurisdiction.

No partial final judgment shall issue at this time as to the dismissal of the claim for injunctive relief.

## II. Further Proceedings

The defendants have asserted that the plaintiff's claims are barred by his failure to exhaust available administrative remedies prior to filing this action. This is an affirmative defense which must be addressed before the merits of the plaintiff's claims are reached. Consistent with the foregoing, therefore:

---

[1] Hammond claims to have a "liberty interest" in prison contact visitation but he is incorrect. It is entirely clear that the Due Process Clause does not itself guarantee any interest in prison visitation, let alone in any particular form of visitation. Denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence. *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003). Courts have held that a loss of visitation privileges is one of the "ordinary incidents" of prison confinement. *See, e.g., Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003) (citing cases); *Ware v. Morrison,* 276 F.3d 385, 387 (8th Cir. 2002) (involving an 18-month suspension of a prisoner's ability to be visited by his wife); *Milan v. Duckworth,* 756 F.Supp. 381 (N.D.Ind. 1989), *aff'd without opinion,* 920 F.2d 935 (7th Cir. 1990); *Griffin v. Farley,* 1994 WL 266588, at *4 (IND. CODE § 11-11-3-8 "creates no . . . liberty interest entitled to protection under the due process clause"). On the merits, therefore, Hammond would have little prospects of success, and for this reason alone would not be entitled to preliminary injunctive relief. Additionally, preliminary injunctive relief should not be awarded here because the defendants have asserted in their answer that Hammond failed to exhaust his available administrative remedies prior to filing this action. Such exhaustion is a requirement of federal law before a challenge such as Hammond presents here can be filed. *See* 42 U.S.C. § 1997e(a). This defense must be resolved prior to consideration of the merits of a claim. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999). To rule on the merits of a motion for preliminary injunction under these circumstances would impermissibly defeat the requirement and purpose of § 1997e(a).

1. The defendants shall have **through August 22, 2005,** in which to file a dispositive motion in support of their affirmative defense that the plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. If such a motion is filed, the plaintiff shall have **through September 22, 2005,** in which to respond.

2. Except for activities associated with the development and resolution of the defendants' affirmative defense that the plaintiff failed to exhaust his administrative remedies prior to filing this action, the action is **stayed.** The stay shall remain in effect until further order unless no dispositive motion is filed as contemplated by the preceding paragraph, in which case the stay will terminate on the working day after the deadline set for the motion.

3. The motion (a discovery request) filed by the plaintiff on June 29, 2005, is **denied without prejudice,** and the **discovery request is of no effect,** in light of the stay issued above.

**IT IS SO ORDERED.**

Date: 07/12/2005

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Antrio Hammond
DOC # 904003
Indiana State Prison
P.O. Box 41
Michigan City, IN 46360

Thomas Quigley
Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
402 West Washington Street
Indianapolis, IN 46204-2770