UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANTRIO HAMMOND,            )
                           )
         Plaintiff,        )
    vs.                    )        2:05-CV-13-RLY-WGH
                           )
CAPT. KEMP, et al.,        )
                           )
         Defendants.       )

**Entry Discussing Defendants' Motion for Partial Summary Judgment**

One of the claims in this civil rights action brought by Antrio Hammon, an Indiana prisoner, is that defendant Gilmore improperly labeled members of the plaintiff's family–his mother and his brother–as potential drug traffickers. Hammond also presents a related claim, this being that he has been improperly denied contact visitation with members of his family. The defendants' motion for summary judgment as to these claims must be **granted.** The reasons compelling this conclusion are the following:

1.     The law pertinent to the defendants' motion for summary judgment is the requirement of the Prison Litigation Reform Act that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies." *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004).

2.     The evidentiary record pertinent to the defendants' motion for summary judgment shows the following:

   a.     At the time pertinent to his claims concerning visitation, Hammond was confined at the Wabash Valley Correctional Facility ("Wabash Valley"). Wabash Valley is a prison operated by the Indiana Department of Correction ("DOC"). At this same time, there is a 5-step administrative process which an inmate could use at Wabash Valley to grieve certain matters.

   b.     Hammond's claims concerning visitation were within the scope of matters which could be grieved.

      c.      Hammond submitted two grievances concerning what are now his visitation claims. His first grievance was submitted on July 21, 2003. It was not pursued past the first level. The second claim was submitted in January 2005, was pursued to the fifth and final level, and was concluded on March 17, 2005.

      d.      Hammond's complaint was signed on January 9, 2005. It was filed by the clerk on January 10, 2005.

      3.      As to the subject presented to prison authorities in the first grievance, therefore, Hammond failed to exhaust his available administrative remedies by not completing the 5-step process available to him. As to the claim related to the second grievance, Hammond failed to exhaust available remedies prior to filing this action because he filed the action before the administrative process was completed.

      4.      The result of the foregoing is that Hammond's claims concerning visitation should not have been brought in this action and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

      5.      No partial final judgment shall issue at this time as to the claims which have been resolved in this Entry.

      6.      The parties shall have **through March 2, 2006,** in which to file any further dispositive motion.

**IT IS SO ORDERED.**

Date: 01/13/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Antrio Hammond
1310 East 47th Street
Anderson, IN   46013

Thomas Quigley
Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
402 West Washington Street